OPINION OF THE COURT
 

 Jasen, J.
 

 Petitioner, a law firm whose practice includes personal injury litigation, sought access to motor vehicle accident reports maintained by respondent police department. When its several demands went unanswered, petitioner brought an article 78 proceeding in the nature of mandamus to compel access to the reports pursuant to the Freedom of Information Law (Public Officers Law art 6). Respondents moved to dismiss the petition on the grounds that,
 
 inter alia,
 
 petitioner had failed to demonstrate that it possessed the requisite interest under Public Officers Law § 66-a to justify access to the reports. In opposition to the respondents’ motion, petitioner stated that it wished to inspect the accident reports in order “to obtain information crucial to the prosecution (or defense) of negligence actions * * * to notify parties involved of their rights under the insurance laws (no-fault) * * * [and] to advise victims that legal services are available to them.”
 

 Special Term denied the motion and ordered respondents to serve an answer. Thereafter, the court dismissed each of respondents’ defenses and granted the petition in all respects — except for petitioner’s request for attorneys’ fees which was denied — finding that petitioner’s intended use of the reports constituted sufficient interest therein to satisfy the statutory requirements and that access would not constitute an unwarranted invasion of the privacy of the persons named in the reports. The Appellate Division modified the judgment of Special Term, holding that, while petitioner was entitled to access, the privacy interests of the accident victims required that their names and addresses be deleted from the I reports made available for inspection. The parties cross-appealed to this court. We now affirm.
 

 As this court has previously explained, under the Freedom of Information Law all records of governmental agencies are presumptively available for public inspection and copying, without regard to the status, need, good faith or purpose of the applicant requesting access.
 
 (Matter of Farbman & Sons v New York City Health & Hosps. Corp.,
 
 62 NY2d 75, 79-80.) In order to insure
 
 *297
 
 the maximum public access to government records, full disclosure is compelled unless the agency can demonstrate that the requested records fall within one of eight categories of exemptions
 
 [1]
 
 which, moreover, are to be narrowly interpreted. (Public Officers Law § 87 [2];
 
 Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra; Matter of Washington Post Co. v New York State Ins. Dept.,
 
 61 NY2d 557, 566-567;
 
 Matter of Westchester Rockland Newspapers v Kimball,
 
 50 NY2d 575, 580;
 
 Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571.)
 

 Hence, contrary to respondents’ contention, petitioner’s entitlement to the requested accident reports is not contingent upon the showing of some cognizable interest other than that inhering in being a member of the public.
 
 (Cf. Matter of John P. v Whalen,
 
 54 NY2d 89, 99.) Public Officers Law § 66-a does not require a different result.
 
 [2]
 
 Enacted more than 30 years prior to the Freedom of Information Law, section 66-a was intended to open police records of accidents to public inspection — not to impose additional restrictions to access — by explicitly permitting examination by all persons “having an interest therein”.
 
 (See generally,
 
 Legislative Bill Jacket, L 1941, ch 839; 7th Ann Report of NY Judicial Council, 1941, at 45-46.) The Freedom of Information Law, as originally enacted (L 1974, ch 578) and later amended (L 1977, ch 933), liberalized public access to government records by obviating the application’s showing of an
 
 *298
 
 “interest therein” as otherwise might be required by section 66-a. Consequently, an evaluation of petitioner’s purposes for seeking disclosure is irrelevant in deciding whether it is entitled thereto.
 

 Moreover, the interest requirement of section 66-a cannot fairly be deemed an exception to the disclosure provisions of the Freedom of Information Law. The eight categories of exceptions enumerated in Public Officers Law § 87 (2) include one for those “records or portions thereof that * * * are specifically exempted from disclosure by state or federal statute”. (§ 87 [2] [a].) While section 66-a standing alone, prior to enactment of the Freedom of Information Law, did require disclosure of accident reports only to those applicants having an “interest therein”, and, by inference, did not
 
 mandate
 
 access where the requisite interest was not shown, it cannot be said that this latter equivocal implication, especially when narrowly construed, constitutes the kind of specific statutory exemption permitting a denial of access under the Freedom of Information Law.
 
 (Cf. Matter of Farbman & Sons vNew York City Health & Hosps. Corp., supra,
 
 at pp 80-81;
 
 Matter of Washington Post Co. v New York State Ins. Dept., supra,
 
 at pp 566-567.)
 

 Nevertheless, petitioner’s entitlement to access does not necessarily entitle it to the reports in their entirety. Indeed, portions of the reports made available to petitioner should be expunged to protect the privacy of the accident victims.
 
 (Cf. Matter of Washington Post Co. v New York State Ins. Dept., supra,
 
 at p 567;
 
 Matter of Fink v Lefkowitz, supra,
 
 at p 571.) As one of the eight categories of exceptions, the Freedom of Information Law exempts from disclosure “records or
 
 portions thereof
 
 that * * * if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article”. (Public Officers Law § 87 [2] [b] [emphasis added].) In turn, section 89 (2) precludes,
 
 inter alia,
 
 as such an “unwarranted invasion”, the release of names and addresses to be used for commercial purposes. It permits, however, disclosure of the records involved where those identifying details are deleted. (§ 89 [2] [a], [b] [iii]; [c] [i].)
 
 [3]
 

 
 *299
 
 In view of petitioner’s stated intention — i.e., direct mail solicitation of accident victims — the application of these privacy-protective provisions cannot be gainsaid. Consequently, as the Appellate Division correctly held, while the accident reports cannot be withheld from petitioner, the names and addresses of the victims must be deleted before the reports are made available.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
 

 Order affirmed, without costs.
 

 [1]
 

 . Of the eight categories of exemptions enumerated in public Officers Law § 87 (2), the two which are relevant to this appeal provide as follows:
 

 “2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
 

 “(a) are specifically exempted from disclosure by state or federal statute;
 

 “(b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article”.
 

 [2]
 

 . Public Officers Law § 66-a relied upon by respondents provides: “Notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provision of any city charter, all reports and records of any accident, kept or maintained by the state police or by the police department or force of any county, city, town, village or other district of the state, shall be open to the inspection of
 
 any person having an interest therein,
 
 or of such person’s attorney or agent, even though the state or a municipal corporation or other subdivision thereof may have been involved in the accident; except that the authorities having custody of such reports or records may prescribe reasonable rules and regulations in regard to the time and manner of such inspection, and may withhold from inspection any reports or records the disclosure of which would interfere with the investigation or prosecution by such authorities of a crime involved in or connected with the accident.” (Emphasis added.)
 

 [3]
 

 . Public Officers Law § 89 (2) specifically provides for the protection of personal privacy within the general disclosure scheme of the Freedom of Information Law as follows:
 

 “2. (a) The committee on public access to records may promulgate guidelines regarding deletion of identifying details or withholding of records otherwise available under this article to prevent unwarranted invasions of personal privacy. In the absence of such guidelines, an agency may delete identifying details when it makes records available.
 

 “(b) An unwarranted invasion of personal privacy includes, but shall not be
 
 *299
 
 limited to:
 

 “i. disclosure of employment, medical or credit histories or personal references of applicants for employment;
 

 “ii. disclosure of items involving the medical or personal records of a client or patient in a medical facility;
 

 “iii. sale or release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes;
 

 “iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it; or “v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency.
 

 “(c) Unless otherwise provided by this article, disclosure shall not be construed to constitute an unwarranted invasion of personal privacy pursuant to paragraphs (a) and (b) of this subdivision:
 

 “i. when identifying details are deleted;
 

 “ii. when the person to whom a record pertains consents in writing to disclosure;
 

 “iii. when upon presenting reasonable proof of identity, a person seeks access to records pertaining to him.” (See
 
 also,
 
 § 89 [2-a].)