OPINION OF THE COURT
Irving A. Green, J.
This is an article 78 proceeding. The first cause of action set forth in the petition seeks judgment under the Freedom of Information Law (FOIL; Public Officers Law art 6, § 84 et seq.) granting petitioner the right to inspect and copy the death certificate of a certain individual which record is maintained and kept by the City of Port Jervis. Petitioner further seeks an award of attorney’s fees from respondents. (Public Officers Law § 89 [4] [c].)
It is alleged in the petition that such individual was believed to have died of the disease Acquired Immune Deficiency Syndrome, commonly known as AIDS, and that death from such disease in the Orange County community was a matter of "grave public concern.”
The second cause of action seeks to declare unconstitutional Public Health Law § 4174 (1) (a) upon the ground that the terms therein as they relate to inspection of death certificates are unconstitutionally vague and unclear.
On or about September 2, 1986 a reporter for a publication owned by petitioner applied in writing to respondent, City of Port Jervis, to inspect the death certificate of one Norman Gardner, Jr., who it is alleged, upon information and belief, died from AIDS or complications arising therefrom, on August 21, 1986 while a patient at Mercy Hospital, Port Jervis, New York.
On or about September 4, 1986 respondent, James J. Hinkley, the Port Jervis City Clerk, denied petitioner’s request. It is acknowledged in respondents’, City of Port Jervis and James Hinkley, answer that James Hinkley is the duly appointed registrar of vital statistics for the City of Port Jervis and the access officer of the City of Port Jervis for records sought under FOIL. (Public Officers Law § 87.)
Respondent, Commissioner of the Department of Health, State of New York, has supervisory power over registrars, and registrars are placed under the supervision and direction of respondent, Commissioner, to accomplish uniform compliance with article 41 of the Public Health Law which mandates, *149 inter alia, the registration of deaths, and the preservation and maintaining of such records. (Public Health Law § 4101.)
The Port Jervis Common Council had requested the opinion of the New York State Department of Health concerning petitioner’s application. By letter dated October 10, 1986, Vito M. Logrillo, identified as Director of Health Statistics, stated in response to the city’s request that "the death record should not be released since the request does not cite a judicial purpose, nor has a proper purpose been established.”
By letter dated November 4, 1986 petitioner was informed that on October 27, 1986 the Port Jervis Common Council, acting as the "Freedom of Information appeals board”, had "upheld the denial of [petitioner’s] request for access to the death certificate of Norman Gardner, Jr.” (Public Officers Law § 89 [4] [a].)
On November 10, 1986 petitioner made request to the Department of Health for a copy of the death certificate. The request was denied by letter dated November 18, 1986 authored by Vito M. Logrillo, and by letter dated November 24, 1986 written by one Donald Macdonald identified in the letter as, "Records Access Officer”. The Macdonald letter advised petitioner of the next step in taking an administrative appeal from Macdonald’s determination. No further administrative review was sought by petitioner within the Department of Health.
In refusing access to the death records sought by petitioner, respondents, city and Hinkley, rely in their papers upon the "statutory language in the Public Health Law and the Freedom of Information Law and the instructions and directives of the Department of Health.”
Respondent, Commissioner of the Department of Health, asserts his department properly denied permitting release of the death certificate upon the ground that the release of such record "did not appear to be necessary or required for judicial or other proper purposes.”
Respondents, Commissioner and State of New York, further allege petitioner has failed to exhaust its administrative remedies.
Respondents rely upon Public Health Law § 4174 (1) (a) which states in relevant part:
"1. The commissioner or any person authorized by him shall:
"(a) upon request, issue to any applicant either a certified *150 copy or a certified transcript of the record of any death registered under the provisions of this chapter, unless he is satisfied that the same does not appear to be necessary or required for judicial or other proper purposes” (emphasis added).
At 10 NYCRR 35.4 (a) the Commissioner has promulgated the regulation that, "A certified copy of a death certificate * * * shall be issued upon request unless it does not appear to be necessary or required for judicial or other proper purposes.”
Respondents contend that subdivision (a) of the statute set forth above concerns release of death certificates which include medical information such as cause of death and that the release of such information is dependent upon petitioner demonstrating a "proper purpose”; and that petitioner has not demonstrated "a proper purpose” and that petitioner has not indicated any motive for its request other than "idle curiosity”.
Respondent, Commissioner, further argues that petitioner’s request "seeks to infringe upon the right of privacy of the decedent and his next-of-kin,” while, "It is just such an infringement that the Legislature sought to protect against.”
It is noted that in accordance with an interim order issued by this court the next living relatives of decedent have been served with the petition and other papers in this proceeding.
Public Officers Law § 87 (2) provides in relevant part:
"2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
"(a) are specifically exempted from disclosure by state or federal statute;
"(b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article”.
"[UJnder the Freedom of Information Law all records of governmental agencies are presumptively available for public inspection and copying, without regard to status, need, good faith or purpose of the applicant requesting access. (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 79-80.)” (Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 296.)
The Court of Appeals has held that in order to insure the *151 maximum public access to government records, full disclosure is compelled unless the agency can demonstrate that the requested records fall within 1 of 8 categories of exemptions, which, moreover, are to be narrowly construed. (Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, supra.)
Of the possible 8 enumerated categories of exemptions from disclosure under FOIL, only 2 appear to be relevant to the claimed exemption in this case, i.e., disclosure exempted by State statute, or unwarranted invasion of personal privacy. (Public Health Law § 4174 [1] [a]; Public Officers Law § 87 [2].)
A reading of the relevant statutes and cases concerning "privacy” under FOIL indicates that the protection against unwarranted invasion of privacy is provided for the personal benefit and protection of the persons who are the subject party of the information sought to be disclosed. (Public Officers Law § 89 [2] [b]; Matter of Short v Board of Managers, 57 NY2d 399; Matter of Harris v City Univ. of N. Y., 114 AD2d 805.)
There is no expressed exemptions in FOIL which grant to a decedent’s personal representative, or to the next-of-kin or survivors of a decedent, the right on decedent’s behalf to prevent disclosure of decedent’s death certificate. Generally, where rights of personal privacy are involved the exercise of the rights are limited to the living and may not be asserted by others after decedent’s death. (Schumann v Loew’s Inc., 135 NYS2d 361; Matter of Rome Sentinel Co. v Boustedt, 43 Misc 2d 598.) There is no general common-law right to privacy (Arrington v New York Times Co., 55 NY2d 433, 440). Such rights as exist, generally, are creatures of legislative statutes whose provisions alone set out its perimeters.
This court concludes that disclosure of the death certificate in issue would not constitute an invasion of personal privacy as defined in the relevant statute and thus exempt from the mandates of disclosure under FOIL.
With respect to the question of whether the desired disclosure is exempted by State statute, this court addresses Public Health Law § 4174 (1) (a). Public Health Law § 4174 does not, by its express language, exempt from disclosure a death certificate. The intent of said statute, as it has been amended and evolved and as it reads, is to promote the right to copies of death records. (Matter of Rome Sentinel Co. v Boustedt, 43 Misc 2d 598, supra.) The Commissioner or any person autho *152 rized by him "shall issue” the death record. That disclosure may not be mandated in all cases is the exception to the rule.
Although it is not necessary that a State statute must expressly state it is intended to establish a FOIL exemption there is required to be a showing of clear legislative intent to establish and preserve that confidentiality which one resisting a FOIL disclosure claims as protection. (Matter of Capital Newspapers v Burns, 67 NY2d 562, 565-567; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 80, supra.)
With the burden upon the government to prove entitlement to exemption of its records from disclosure under FOIL, the determination of respondent, Commissioner, that petitioner’s request is made for other than a "proper purpose” is examined. (Public Health Law § 4174 [1] [a].)
It cannot reasonably be concluded that the investigative reporting of a possible case of AIDS in the locality served by petitioner newspaper publisher is not, in the present climate, legitimate reportage. The disease is a matter of great public concern.
The right of the public to know and be informed of the reality of AIDS in its own local community, if such is the case, is not merely gratification of "idle curiosity” on the part of the news organization seeking to gather and publish such information but is in the furtherance of a legitimate and specific public purpose and in harmony with the legislative purpose of FOIL "that the public, individually and collectively and represented by a free press, should have access to the records of government” (Public Officers Law § 84; Matter of Rome Sentinel Co. v Boustedt, 43 Misc 2d 598, 601, supra).
The public’s active interest and concern with the prevalent AIDS disease is evident from the numerous informational and educational public programs undertaken by medical research personnel, health agencies, as well as television and radio programs, banks and newspaper reports. It is beyond cavil that the AIDS epidemic indeed is a matter of large public interest and concern.
This petition presents, in the opinion of this court, a proper purpose of the petitioner in fulfilling its historic role of a free press informing the public of its legitimate interests and concerns. The determination of respondents that the request for the death certificate was for other than a "proper purpose” is not sustained.
*153 Accordingly, respondents have not met their burden of proof that the death certificate be exempted from disclosure.
Respondents, Commissioner and State of New York, have pleaded in their answer the affirmative defense that petitioner did not exhaust its administrative remedies prior to commencing the instant article 78 proceeding. It is noted such affirmative defense has not been pleaded by respondents, City of Port Jervis and Hinkley, in their answer.
It does not appear to be disputed that the death certificate is in the possession and control of respondents, City of Port Jervis and James J. Hinkley, the local registrar. Petitioner appealed the adverse determination of Hinkley to the Port Jervis Common Council which denied the appeal.
The applicable statute provides that a person denied access to a record in an appeal determination by the governing body of the entity may commence an article 78 proceeding. (Public Officers Law § 89 [4] [a], [b].) Petitioner followed this procedure as against respondents, City of Port Jervis and Hinkley.
That petitioner did not pursue administrative review within the Department of Health has no effect upon the right to seek judicial review of the final administrative determination made by respondent, city, and to which no such affirmative defense on the part of respondents, city and Hinkley, has been asserted.
The court does not reach nor determine the issue of unconstitutionality claimed by petitioners.
Nor does the court conclude that the awarding of attorneys’ fees to any of the parties is appropriate and no such award is made.
Accordingly, the petition is granted to the extent respondents, City of Port Jervis and James J. Hinkley, are directed within 10 days of service upon them of a copy of this judgment with notice of its entry to issue to petitioner a copy of the death certificate of Norman Gardner, Jr.
In all other respects the petition is denied.