OPINION OF THE COURT
David B. Saxe, J.
The petitioner publishing company has requested that the *377 New York City Department of Buildings (DOB) provide to it certain information maintained in the computerized files of DOB. The respondent DOB’s amended answer does not dispute that the information is properly sought pursuant to the Freedom of Information Law (FOIL; Public Officers Law §84 et seq.). The sole dispute presented here is whether the respondent is obliged to make the information available in the format petitioner seeks.
The petitioner has requested that the records be copied onto computer tape. The respondent asserts that the statute requires only that it supply the information, not that it accommodate the requested format preference. It seeks to provide the information in a "hard copy” (computer printout) format, which would, according to the petitioner, cost petitioner some $10,000 in paper, take some six weeks to print, and would make access to the information therein much more difficult.
The real concerns and motivations of both parties must be recognized. The petitioner, a commercial enterprise, does not seek the requested information for its own one-time use, but intends to sell the information in computerized format to its subscribers. Were the information provided in the hard copy form, not only would the initial expense be greater, but petitioner would then have to reconvert the information back into the electronic digitized format, at a cost of hundreds of thousands of dollars.
The respondent argues that supplying hard copy is more convenient to itself than is copying the information onto computer tape. However, no affidavit or other evidentiary material to that effect is submitted, and in fact the assertion in respondent’s brief that "the information can be transferred to hard copy (computer printout) at any time and does not have to be monitored by an employee” must be greeted with some skepticism, particularly in view of the petitioner’s evidentiary showing that the transfer from disc to tape would take a few hours, while the printing of hard copy totaling over one million pages would take five to six weeks and require at least some monitoring by an employee, if only to replenish paper and ink and to check for malfunctions.
As a practical matter, it is likely that the respondent’s reaction may well arise due to the frequency with which the city is presented with FOIL requests in which commercial enterprises such as petitioner take advantage of the statute to make substantial profits purely as a result of the enormous information-gathering efforts of various city agencies.
*378 However, the statute at issue does not apply any differently to requests motivated by commercial interests than it does in any other circumstances.
The city points out that Federal courts interpreting the Federal Freedom of Information Act (FOIA; 5 USC § 552) have held that the agency has no obligation under FOIA to accommodate the requester’s preference of format (see, Dismukes v Department of Interior, 603 F Supp 760 [DC 1984]). In Dismukes, the agency made the requested information available on microfiche instead of computer tape, and the court noted that an uncontroverted affidavit stated that " 'a printout from the . . . tape would be identical to the corresponding page from the microfiche’ ”, concluding that while a tape might be more convenient for the plaintiff’s purposes, the format offered was a "reasonably accessible form” (603 F Supp, supra, at 762-763).
However, this State’s statute and the case law impose somewhat different standards. As the petitioner notes, the language of New York’s Public Officers Law § 89 (3) specifically requires that nonexempt "records” be made available, and section 86 (4) specifically includes in its definition of "record” computer tapes or discs. In addition, our State courts have emphasized that "full” or "maximum” access to the records is required (see, Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 297).
The petitioner has made a strong showing that providing it with hard copy of the information on the computer disc will not provide reasonable access to that information and it certainly won’t provide "maximum access” to those records, where the petitioner would have to manually sift through over one million pages of a computer printout to find information contained in those records. For its part, the city has made no showing that employing one worker for a few hours on an overtime basis — to be paid for by the petitioner — to copy the disc onto computer tapes poses any hardship. Particularly in view of the statutory language, which appears to provide the right to ask for records in this computer disc or tape form, I conclude that the CPLR article 78 petition should be granted, and the respondent be directed to provide, at petitioner’s expense, a copy of the electronic records in the computer tape format.