Requestor: Hon. David H. Bulman, Executive Director Public Transportation Safety Board New York State Department of Transportation State Campus, Building 5 Albany, New York 12232
Written by: Robert Abrams, Attorney General
You have informed us that the New York State Public Transportation Safety Board ("Board"), an independent board created by the Legislature (L 1983, ch 428, § 1), has statutory responsibility for investigation of public transportation accidents, including those involving commuter rail, subways, rapid transit and buses. You relate that the Board has the statutory duty to make recommendations to the operators of such public conveyances to prevent accidents. Your letter further indicates that the Board, while an independent board created by the Legislature, operates under the auspices of, and with the logistic support of the New York State Department of Transportation.
Your inquiry is directed to the propriety of disclosure of personnel records, including the results of drug and alcohol tests, of the New York City Transit Authority ("NYCTA"). You have requested an opinion from this office as to the Board's entitlement to receive such records. Consistent with the Board's statutory mission, you have indicated that it routinely seeks the results of drug and alcohol tests of NYCTA employees in connection with the Board's investigation of public transportation accidents. This opinion only deals with such requests for personnel records in the context of a transportation accident investigation.
Your request for an opinion makes reference to a letter from counsel for NYCTA particularizing objections of that agency to disclosure of such records to the Board. NYCTA counsel asserts that the Authority might be subject to legal liability, under an invasion of privacy theory, if it discloses personnel records, such as the result of drug and alcohol tests.
You indicate that the NYCTA has refused to furnish such information, except in response to a subpoena, absent an opinion recognizing the propriety of such disclosure. You recite that NYCTA bases its refusal to disclose on the Personal Privacy Protection Law (Public Officers Law, § 96). You further state that a high percentage of the Board's work involves investigations of NYCTA accidents. You state that absent an opinion approving the legality of such disclosure, the need to resort to subpoenas will thwart the work of the Board. You indicate that use of subpoenas will be time cosuming and will delay investigations by the Board.
You state that the executive officers of NYCTA and the Board have been unable to resolve this controversy by agreement and that both public entities have requested an opinion of the Attorney General to resolve this controversy.
The Legislature specifically empowered the Board to "request and receive from any . . . public authority such assistance, information and data as will enable the office properly to carry out its powers and duties hereunder" (Transportation Law, § 219). The Board's statutory mission includes reviewing and investigating transportation accidents or disasters with a view towards recommending corrective or preventative steps to avert future tragedies and loss of life (id., § 217[1], [2], [3], [5], [7] and [8]). Specific powers of the Board include its authority to review "the safety, maintenance and training programs of public transportation facilities" (id., § 217[3]), and to recommend the establishment of equipment and safety standards in connection there with (ibid.). To discharge that general mandate, the Board is empowered, among other things, to establish accident reporting procedures (id.,
§ 217[2]), to hold hearings, issue reports, administer oaths, examine witnesses under oath, and to issue subpoenas to compel the production of documents and the testimony of witnesses (id., § 217[5]).
In the face of these explicit statutory provisions, there can be no doubt that the Legislature intended that NYCTA provide, and that the Board receive, any documents or records in NYCTA's possession which could be relevant to the Board's mission. This would include personnel records including the results of any drug or alcohol tests arguably relevant to the Board's statutory mission (see Transportation Law, § 217). Therefore, the Board has the statutory authority to request of relevant personnel records including the results of drug or alcohol tests of NYCTA employees, without any necessity that the Board resort to the subpoena process. The question is whether such disclosure by NYCTA would be consistent with the Personal Privacy Protection Law.
A threshold question is whether NYCTA is subject to the Personal Privacy Protection Law. The definitional section of that law expressly defines "agency" (to which the law applies) as including "any state board, bureau, committee, commission, council, department, public authority, public benefit corporation, division, office or any other governmental entity" (Public Officers Law, § 92[1]). Clearly, NYCTA comes within the umbrella of public authorities subject to the Privacy Law. See generally, Collins v Manhattan Bronx Surface Transit Operating Auth.,62 N.Y.2d 361 (1984) (describing history and functions of public authorities).
Generally, an agency subject to the "Personal Privacy Protection Law" is prohibited from disclosing any record or personal information except under specific circumstances (Public Officers Law, § 96). For purposes of this provision, "personal information" is defined to mean:
 "any information concerning a data subject which, because of name, number, symbol, mark or other identifier, can be used to identify that data subject" (id., § 92[7]).
A "data subject" is "any natural person about whom personal information has been collected by an agency" (id., § 92[3]). The term "records" is defined to mean "any item, collection or grouping of personal information about a data subject which is maintained and is retrievable by use of the name or other identifier of the data subject" (id., § 92[9]). Thus, the Personal Privacy Protection Act is applicable with respect to records or personal information that identify persons.
It appears that the records sought by the Board are subject to the Personal Privacy Protection Law. The NYCTA can disclose these records only under the circumstances described in section 96(1) of the Personal Privacy Protection Law.
Section 96(1)(f) provides that an agency may disclose any record or personal information if it is specifically authorized to do so by statute or Federal rule or regulations. The Legislature has specifically empowered the Board to "request and receive" from any public authority information that will enable the Board to carry out its statutory powers and duties (Transportation Law, § 219[5]). It seems clear that this provision authorizes a request by the Board for relevant information and requires the provision of that information by the collecting agency. Thus, we believe that the information sought by the Board may be provided under this provision.
Counsel to NYCTA suggests that section 219 of the Transportation Law, authorizing the Board "to request and receive" relevant information is not sufficiently specific within the meaning of section 96(1)(f) of the Personal Privacy Protection Law (Feb 5, 1988 letter from Florence Dean, Esq., NYC Transit Authority to William J. Dwyer, Esq., New York State Department of Transportation). Further, counsel states that if section 219 constitutes a directive to agencies to furnish personal information, there would have been no need to provide for subpoena power under section 217 of the Transportation Law (ibid.).
In our view, section 219 is a specific authorization within the meaning of section 96(1)(f) of the Personal Privacy Protection Law. Section 219 provides:
 "To effectuate the purposes of this article, the board may request and receive from any department, division, board, bureau, commission or other agency of the state or any political subdivision thereof or any public authority such assistance, information and data as will enable the office properly to carry out its powers and duties hereunder".
Thus, it seems clear that the Legislature intended that this provision authorize a request by the Board to a public entity for relevant information and require the provision of that information by the public entity. The clear intent is to require cooperation from other public entities in the carrying out by the Board of its statutory responsibilities.
Further, the subpoena power granted to the Board by section 217(5) of the Transportation Law serves a distinct purpose. It authorizes the Board
 "to issue subpoenas requiring the attendance and giving of testimony of witnesses and require the production of any books, papers, documentary or other evidence".
Thus, it appears that the subpoena power is designed to provide the Board with the tools necessary to acquire testimony and information from private parties. In contrast, section 219 by its express terms applies only to public entities.
Explicit in NYCTA's refusal to disclose such information to the Board, absent an opinion authorizing same, is NYCTA's fear of liability for a breach of privacy suit. As set forth above, because there is a statutory duty for NYCTA to disclose such information in the context of a Board public safety investigation, there is no breach of the Personal Privacy Protection Law in such disclosure. We believe that statutorily-authorized disclosure for governmental purposes is not the type of disclosure that gives rise to civil liability (see Scott, Sardano Pomeranz v RecordsAccess Officer of City of Syracuse, 65 N.Y.2d 294 [1985] [discussing privacy interests of private citizens, as to public disclosure of personal information, in context of Freedom of Information Law]; note: Breach ofConfidence: An Emerging Tort, 82 Colum L Rev 1426, 1440 [1982]).
We conclude that the New York State Public Transportation Safety Board has a statutory entitlement to receive, and the New York City Transit Authority a statutory duty to furnish personnel records, including drug and alcohol test results, in the context of a Board investigation of a transportation accident. Such disclosure to the Board does not violate any provisions of the Personal Privacy Protection Law.