■ In the Matter of HAROLD REAPE, Appellant, v STATE OF NEW YORK METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to grant the petitioner access to records of the New York City Transit Authority, Transit Adjudication Bureau, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated September 9, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs to the respondent New York City Transit Authority, Transit Adjudication Bureau.

The petitioner commenced this proceeding pursuant to CPLR article 78 to compel the respondents to disclose, pursuant to the Freedom of Information Law *(see,* Public Officers Law § 84 *et seq.;* hereinafter FOIL), records in the possession of the Transit Adjudication Bureau which were compiled in connection with the charges and dispositions involving two separate and unrelated bureau hearings.

It is well settled that agency records are presumptively available for public inspection and copying, unless the agency can demonstrate that the requested records fall within one of eight categories of exemptions (Public Officers Law § 87 [2]; *see also, Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75; *Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294). Pursuant to the legislation which established the Transit Adjudication Bureau, the bureau is authorized "[t]o compile and maintain complete and accurate records relating to all charges and dispositions, which records shall be deemed exempt from disclosure under the freedom of information law" (Public Authorities Law § 1209-a [4] [f]). As per Public Officers Law § 87 (2) (a), an "agency may deny access to records * * * that * * * are specifically exempted from disclosure by state * * * statute".

Accordingly, since the records which the petitioner seeks are specifically exempted by State statute from FOIL disclosure, the respondents have demonstrated that they may properly deny access to these records pursuant to Public Officers Law § 87 (2) (a).

We have examined the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.