**Rodney E. NICHOLSON, Petitioner–Appellant,**

v.

**Hans G. WALKER, Superintendent of Sing Sing Correctional Facility, Respondent–Appellee.**

**Docket No. 02–2712.**

United States Court of Appeals, Second Circuit.

May 13, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered September 25, 2002, is AFFIRMED.

Jeremy Gutman, New York, New York, for Appellant.

Loretta S. Courtney, Assistant District Attorney, Monroe County (Michael C. Green, District Attorney), Rochester, New York, for Appellee.

Present: LEVAL, RAGGI, Circuit Judges, and STEIN,* District Judge.

## SUMMARY ORDER

Petitioner–Appellant Rodney Nicholson, who is presently incarcerated on a New York State conviction for second-degree murder, N.Y. Penal Law § 125.25(1), appeals from the district court's denial of a writ of habeas corpus. *See* 28 U.S.C. § 2254. We assume familiarity with the record of proceedings both in the federal and state courts and hereby affirm the district court's denial of the writ.

Nicholson claims that the state courts deprived him of due process when they ruled that the hearsay confession of Darnell Phelps was inadmissible. He submits that this runs afoul of *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), which holds that states cannot "mechanistically" exclude exculpatory evidence bearing "persuasive assurances of trustworthiness," *id.* at 302, 93 S.Ct. 1038. In *Chambers*, the error deprived the defendant of his due process right to a fair trial. Nicholson does not – and cannot – claim that he was the victim of a *Chambers* error at *trial*; his due process claim is that a *Chambers* error prompted the state courts to deny him a *new trial*. The parties have not addressed whether such a claim is cognizable on habeas review. *See Herrera v. Collins*, 506 U.S. 390, 408, 113 S.Ct. 853, 122 L.Ed.2d

---

* The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

203 (1993) ("The Constitution ... makes no mention of new trials.").

Assuming that *Chambers* does apply to retrial motions, Nicholson is, nevertheless, not entitled to habeas relief because he fails to show that the state courts "mechanistically" rejected reliable hearsay evidence in his case. Due process is not violated by evidentiary rules – whether federal or state – requiring a clear demonstration of trustworthiness as a precondition to the admission of a hearsay statement against penal interest offered to exculpate the accused. *See Chambers v. Misssissippi*, 410 U.S. at 302 (observing that in offering evidence, a defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence"); *see also United States v. Beltempo*, 675 F.2d 472, 479 (2d Cir.1982) (holding that the reliability requirement in Fed.R.Evid. 804(b)(3) comports with *Chambers* ). Trial judges are afforded considerable discretion in making such reliability assessments, *see United States v. Jackson*, 335 F.3d 170, 179 (2d Cir.2003); *People v. Shortridge*, 65 N.Y.2d 309, 315, 491 N.Y.S.2d 298, 302, 480 N.E.2d 1080 (1985), and deference to their judgment is particularly appropriate on federal habeas review, *see Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The record in this case indicates no abuse of discretion depriving Nicholson of the "fundamental fairness" guaranteed by due process. *Id.* at 73, 112 S.Ct. 475.

The reliability of Phelps's confession, in contrast to the confession at issue in *Chambers v. Mississippi*, 410 U.S. at 300–01, is hardly established by consistent repetition. To the contrary, Phelps's confession is inconsistent with his earlier statement denying any knowledge of the murder, indicating that on one occasion or the other he had certainly lied. Moreover, unlike in *Chambers*, it appears that in this case the reliability of Phelps's confession could not be tested by cross-examination at a retrial. Nicholson nevertheless argues that reliability is sufficiently established by the fact that Phelps's confession is more consistent with the forensics evidence than the testimony of the sole eyewitness. We are not convinced. The forensics evidence was public by the time of Phelps's confession; thus, he could have tailored his account to fit the experts' findings. Further, an eyewitness testified at trial that she saw Nicholson shooting the victim. That testimony was, moreover, corroborated to some degree by other persons at the scene who heard her shout what may have been Nicholson's first name. Although Nicholson's brief strongly attacks the eyewitness's credibility, he had the opportunity to present his arguments to the jury, which, having heard the witness's testimony and assessed her demeanor, nevertheless deemed her credible. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir.1996).

In any event, we note that Phelps's confession does not necessarily exonerate Nicholson and certainly assigns him a more active role in the events of the homicide than he disclosed in his own exculpatory statement to the authorities. Further, if the confession is to be believed, Nicholson has known of Phelps's own involvement in the murder since the night of the crime. But if that were the case, it is extremely curious that Nicholson himself never disclosed this fact, directly or through counsel, before trial. Nor did he attempt to cast blame on Phelps at trial, for example, through cross-examination of the eyewitness.

Precisely because Phelps's confession is suspect, Nicholson cannot demonstrate

that the state court's denial of his motion for a new trial implicated his right to due process. Accordingly, the district court's denial of a writ of habeas corpus is hereby AFFIRMED.