*845 OPINION OF THE COURT
Jeffrey S. Brown, J.
Petitioner moves by order to show cause for the following relief: (1) an order pursuant to CPLR 3102 (c), directing respondents to preserve the red light camera picture and/or video from the traffic camera at a certain location as it relates to an accident which occurred on June 21, 2011 for use in anticipation of litigation that may arise from the accident; (2) an order pursuant to CPLR 3102 (c), directing respondents to produce and allow petitioner’s attorneys to review, copy and inspect the aforesaid video and/or photographs.
This is a special proceeding commenced by the petitioner seeking an order requiring respondent, Nassau County Traffic and Parking Violations Agency (hereinafter TPVA), to preserve certain video data obtained by TPVA as a result of its red light camera enforcement program.
Petitioner states that its insured reported an accident occurring on June 21, 2011, in the County of Nassau, at the intersection of Jericho Turnpike and Brush Hollow Road. Petitioner claims that after review of the police accident report, the responding officer noted that both drivers stated that they “had a green light.” The officer further noted that the intersection has a “red light camera.” Petitioner surmises that there will be future litigation of this accident based upon the drivers’ conflicting statements.
Petitioner indicates, upon information and belief, that respondent TPVA only maintains the photographs and/or video of the red light cameras for 30 days. Additionally, it has no means to obtain the information without pre-action disclosure pursuant to CPLR 3102 (c); that without this information, petitioner will be unable to properly investigate the accident. Without the relief requested herein, petitioner argues that relevant and material evidence may be destroyed, causing irreparable and immediate harm and prejudice to petitioner. In anticipation of future litigation, petitioner asserts that TPVA should be required to preserve the pictures and/or videos obtained by the red light camera with respect to the accident herein.
Respondent TPVA opposes the application on the following grounds: that the material sought is specifically exempt from the Freedom of Information Law (Public Officers Law § 87 [2] [k]) and petitioner has not demonstrated the necessity of obtaining this information from a nonparty; that the information *846 gained by the red light cameras is information obtained in contemplation of litigation, therefore, it is privileged; the material sought is privileged under a public interest privilege; the petition fails to name necessary parties; and respondent is not in possession of the information sought by petitioner.
Respondent argues that the red light camera program was enacted to aid law enforcement and to protect public safety. The Legislature did not pass the bill to assist third parties in commencing or defending lawsuits against other drivers or pedestrians; to use as a tool for negotiating or settling cases; for determining liability against another driver; or for insurance companies to disclaim coverage of their insured. It would be irrational for the respondent to be expected to improperly utilize its resources to facilitate the commencement of lawsuits by insurance companies or third parties. Respondent argues that to require it to release its red light camera video in this case, it would set a precedent to allow every person involved in a motor vehicle accident at a red light camera intersection to bombard Nassau County with requests for such video in an effort to bolster their litigation position.
In reply, petitioner contends that respondent’s arguments are conflicting and misleading, and that these conclusory assertions are made without citing any supporting substantive statute, ordinance or case law. Furthermore, respondent’s hired agent/ vendor, American Traffic Solutions (hereinafter ATS), has advised petitioner that the requested subject videotape can be obtained directly from them in whole or in part subject to payment of the requisite fee. Petitioner argues that any costs associated with providing the video would be incurred by ATS and not respondent.
Based on the foregoing, the decision of the court is as follows:
Pursuant to Vehicle and Traffic Law § 1111-b (a) (1),* the State of New York authorized the County of Nassau to adopt a local law establishing a demonstration program imposing monetary liability on the owner of a vehicle for failure of the vehicle’s operator to comply with certain traffic-control devices within the county. Vehicle and Traffic Law § 1111-b (b) provides that if the County has enacted such a local law or ordinance, the owner of the vehicle is liable for a penalty if the vehicle was operated with the permission of the owner in violation of Vehi *847 ele and Traffic Law § lili (d). Prima facie evidence of a violation is established, pursuant to Vehicle and Traffic Law § 1111 (d), by the original or facsimile of a certificate, sworn to or affirmed by a technician employed by Nassau County based upon inspection of photographs, microphotographs, videotape or other recorded images produced by a traffic-control signal photo violation-monitoring system.
The County of Nassau established Local Law No. 12-2009, which became law on June 18, 2009, authorizing the County to establish a demonstration program imposing monetary liability on the owner of a vehicle for failure of the operator to comply with traffic-control indications. (See Local Law 12-2009 [1], codified at Miscellaneous Laws of Nassau County tit 72.) Under section 3 (c), the imposition of liability is not to be used for insurance purposes, nor is it deemed a conviction as an operator, and is not made part of the operating record of the owner. Under section 6, TPVA adjudicates liability imposed upon owners of vehicles as a branch of the Nassau County District Court.
When the State authorized the County to implement a red light camera program, the State Legislature amended the Public Officers Law (Freedom of Information Law or FOIL) to add subdivision (k) to section 87 (2). This application of Public Officers Law § 87 (2) (k) appears to be one of first impression since its addition pursuant to Laws of 2009, chapter 19, § 8, effective May 28, 2009.
“[U]nder the Freedom of Information Law all records of governmental agencies are presumptively available for public inspection and copying, without regard to the status, need, good faith or purpose of the applicant requesting access. (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 79-80.)” (Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 296 [1985].)
In order to insure maximum public access to government records, full disclosure is compulsory unless the agency can demonstrate that the requested records fall within one of the categories of exemptions, which are to be narrowly interpreted. (Public Officers Law § 87 [2]; Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., supra; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 566-567 [1984]; Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580 [1980]; Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979].)
*848 Public Officers Law § 87 provides in pertinent part as follows:
“2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that: ...
“(k) [Expires and deemed repealed Dec. 1, 2014, pursuant to L.2009, c. 19, § 10; L.2009, c. 20, § 24; L.2009, c. 21, § 22; L.2009, c. 22, § 22; L.2009, c. 23, § 9; L.2009, c. 383, § 24.] are photographs, micro-photographs, videotape or other recorded images prepared under authority of section eleven hundred eleven-b of the vehicle and traffic law.”
Vehicle and Traffic Law § 1111-b (b) provides in pertinent part as follows:
“[T]he owner of a vehicle shall be liable for a penalty imposed pursuant to this section if such vehicle was used or operated with the permission of the owner, express or implied, in violation of subdivision (d) of section eleven hundred eleven of this article, and such violation is evidenced by information obtained from a traffic-control signal photo violation-monitoring system” (emphasis added).
Because this case involves a legal issue requiring the interpretations of various statutory provisions, the court’s review is de novo. This motion also presents a question of statutory construction, and the court notes that its primary consideration must be “to ascertain and give effect to the intention of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). “The legislative intent is to be ascertained from the words and language used, and the statutory language is generally construed, according to its natural and most obvious sense, without resorting to an artificial or forced construction” (Statutes § 94). “A basic consideration in the interpretation of a statute is the general spirit and purpose underlying its enactment, and that construction is to be preferred which furthers the object, spirit and purpose of the statute” (Statutes § 96). “The words and phrases used in a statute should be given the meaning intended by the lawmakers” (Statutes § 230).
Applying the above principles to the case at bar, the court determines that the State Legislature made a specific exemption for the information obtained by the red light camera program. By adding paragraph (k) to the FOIL statute, the Legislature intended that the information contained on the *849 photographs, microphotographs, videotape or other recorded images obtained from a traffic-control signal photo violation-monitoring system should be excluded from the information generally made available to the public.
Petitioner fails to address respondent’s argument concerning the specific exemption from FOIL in its reply papers but instead admits that the vendor, ATS, would provide the insurance company with the photographs/videos upon request and payment of the requisite fee. Its argument that respondent is “shielding itself from FOIL when its vendor/agent ATS has previously consented to provide Travelers with the videotape” is without merit. A strict construction of the statutes shows that there exists a specific exemption from FOIL. If the insurance company wishes to obtain information gathered through the red light camera program in anticipation of future litigation, it may do so at its own expense directly through the vendor.
Given the above determination, the court need not address the other arguments set forth by counsel. All temporary restraining orders are hereby vacated. All applications not specifically addressed herein are denied.

 Laws of 2009, ch 19, § 10 (eff May 28, 2009, expires and repealed Dec. 1, 2014).