Charles J. Beckinella, J.
This is a motion to vacate two subpoenae, one addressed to an assistant attorney-general of the State of New York, the other a subpoena duces tecum addressed to the Attorney-General of the State of New York.
The subpoena addressed to the assistant attorney-general requires his presence to give testimony at the trial of the instant action. The subpoena duces tecum requires the production of certain records relating to the New York State unemployment insurance taxes of the plaintiffs’ assignor.
It is urged by the Attorney-General on behalf of the Industrial Commissioner of the State of New York that both subpoenae be *165 vacated on the ground that section 537 of the Labor Law prohibits the Industrial Commissioner from disclosing the information called for by the subpeenae. The pertinent portion of section 537 of the Labor Law is: “ 1. Use of information. Information acquired from employers or employees pursuant to this article shall be for the exclusive use and information of the commissioner in the discharge of his duties hereunder and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law. ’ ’ The Industrial Commissioner is not a party to the instant action.
That aspect of the motion which seeks to vacate the subpoena addressed to Henry P. Lipscomb, Jr., an assistant attorney-general, is denied. It cannot be determined at this time what testimony the party who subpceonaed Mr. Lipscomb will seek to elicit from him. It may be that none of the questions put to him will call for the disclosure of such information as is prohibited by section 537 of the Labor Law. On the other hand, questions put to him may be within the purview of that section. The trial court is the proper tribunal to determine, as each question is put to Mr. Lipscomb, whether the statute may be invoked.
The same disposition is made of the matter of the testimony of John J. Healy referred to this court for determination by stipulation of the parties.
Item 5 of the subpoena duces tecum is vacated on consent.
Items 3 and 4 of the subpoena duces tecum are vacated on the authority of Andrews v. Cacchio (264 App. Div. 791).
The following portions of item 6 of the subpoena duces tecum are vacated: ‘ ‘ and all letters or other written communications from said Fabulous Upholstery Corp. to said Tax Collector concerning its said delinquency, or concerning the payment or nonpayment of the taxes for either of said two periodsand “ and all letters or other written communications from said Fabulous Upholstery Corp. to the said Tax Collector concerning said levy or intended levy, or said warrant or the intended issuance of said warrant ”.
That part of item 6 which is not vacated, as well as items 1 and 2, call for the production of copies of notices, demands, and a tax levy sent by the division of employment, unemployment insurance accounts bureau, to plaintiffs’ assignor. They do not call for “ information acquired from employers or employees ” and so are not within the prohibition raised by section 537 of the Labor Law.
*166 Although this court declines to vacate items 1, 2 and portions of item 6 of the subpoena duces tecum, this ruling is not to be construed as a decision that the papers, whose production is called for by the subpoena, are admissible in evidence. That decision is for the trial court.
Settle order on notice.