■ DAVID MESSINA, Plaintiff, v LUFTHANSA GERMAN AIRLINES et al., Defendants. In the Matter of PHILIP ROSS, as Industrial Commissioner of the State of New York, Appellant. LUFTHANSA GERMAN AIRLINES, Respondent. — Appeal from so much of an order of the Supreme Court, Kings County (Lawrence, J.), dated July 15, 1980, as denied the branch of petitioner's motion to quash a subpoena duces tecum which related to information concerning a claim for unemployment insurance benefits. Order reversed insofar as appealed from, on the law, without costs or disbursements, and application granted with respect to the claim for unemployment insurance benefits. This is an appeal by the State Industrial Commissioner from a denial of that part of his motion which sought to quash a subpoena duces tecum for records showing the amount of a recipient's unemployment insurance benefits and the period of time during which those benefits were received. The Industrial Commissioner relies on subdivision 1 of section 537 of the Labor Law in refusing to disclose; that subdivision provides as follows: "1. Use of information. Information acquired from employers or employees pursuant to this article shall be for the exclusive use and information of the commissioner in the discharge of his duties hereunder and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law. Such information insofar as it is material to the making and determination of a claim for benefits shall be available to the parties affected and, in the commissioner's discretion, may be made available to the parties affected in connection with effecting placement." In view of the passage of article 6 of the Public Officers Law (otherwise denoted the Freedom of Information Law), the trial court strictly construed section 537 to prohibit only those disclosures involving information supplied by an employer or employee. The trial court then ruled that disclosure of the amounts of payments, if any, by the Department of Labor does not fall within the prohibition of section 537, since it is information supplied neither by the employer nor the employee, but is in fact the end result of an administrative decision by the commissioner. We concur with the trial court's conclusion that the information sought is not prohibited from disclosure pursuant to section 537 of the Labor Law (see *Conigliaro v New Hampshire Fire Ins. Co.*, 8 Misc 2d 164). We believe, however, that the information is nonetheless exempted from public access under section 87 (subd 2, par [b]) of the Public Officers Law, as "an unwarranted invasion of personal privacy". Material which falls within the latter provision may be obtained upon the written consent of the person to whom it pertains (Public Officers Law, § 89, subd 2, par [c]). In the present case there has been no proof that such

consent has been obtained. Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.