OPINION OF THE COURT
•Thomas P. Flaherty, J.
This is a petition by J. E. Nicholas, an attorney, pursuant to CPLR article 78 and section 89 (subd 4, par [b]) of the Public Officers Law for an order directing Genesee County Sheriff, W. Douglas Call to permit petitioner the right to inspect the income executions on file in the Gene-see County Sheriff’s Department office.
Petitioner has never explained why he seeks this information except to state that he wants to mail a letter to the judgment debtors.
W. Douglas Call, a member of the Bar, as well as Genesee County Sheriff has refused such request and advised petitioner on October 19, 1982 that the Public Officers Law “precludes the disclosure of items of a personal nature that may result in an economic or personal hardship to the subjects of those executions when such records are not relevant or essential to the ordinary work of the agency requesting.”
On November 22,1982, petitioner served an appeal upon respondent Sheriff requesting the reasons for denial of his examination of all income executions during the month preceding his application.
*631 Relying on article 6 of the Public Officers Law being the Freedom of Information Law (FOIL) the respondent stated that his reliance was pursuant to section 87 of the Public Officers Law which in pertinent part provides:
“2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
“(a) * * *
“(b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article”.
Subdivision 2 of section 89 of the Public Officers Law in pertinent part provides:
“(b) An unwarranted invasion of personal privacy includes, but shall not be limited to:
“i. disclosure of employment, medical or credit histories or personal references of applicants for employment;
“iii. sale or release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes;
“iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it; or
“v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency.”
Since access to the records requested was denied pursuant to subdivision 2 of section 87 of the Public Officers Law respondent has the burden of proving that release of such information would amount to an unwarranted invasion of personal privacy (Public Officers Law, § 89, subd 4, par [b]). Nevertheless this court holds that such burden is substantially diminished when the petitioner refuses to divulge the purpose for which he seeks such information.
*632 Respondent points out that the records contain the employment of the judgment debtors and that disclosure of that information amounts to a statutorily unwarranted invasion of personal privacy. In addition, respondent has not been informed if the records would be used for commercial purposes and when a lawyer seeks lists of judgment debtors’ income execution data, it seems more than likely that a commercial use of those records is intended. Respondent also urges that disclosure of the information requested being of a personal nature could conceivably result in economic or personal hardship to such debtors in the absence of specifics by petitioner.
To sustain his burden denying the requested information respondent has pointed out “Income execution procedures within the Civil Division of the Sheriff’s Department are commenced upon the entrance of a judgment before the county or local court by the filing of an income execution with the Sheriff’s Department (CPLR 5231) setting forth certain. requisite information about the judgment, judgment creditor and judgment debtor, including the debtor’s employer, position and place of employment, information that is personal in nature about the judgment creditor, debtor and debtor’s employer. Thereafter, the Sheriff’s Department proceeds to collect and account for garnisheed wages from the debtor’s employer and to distribute those moneys to the judgment creditor. Detailed accounts are maintained which can disclose how much is originally owed to the creditor, how much is being paid periodically to the creditor, the dates and times payments are being made to the judgment creditor, the debtor’s employer and how much the employer is paying for the services of the debtor (his wages can be computed) information the employer may not wish generally disclosed concerning his wage scale, the employment status of the debtor and possible installment payment defaults by the employer or the debtor, all of which is rather personal information presented to the Sheriff’s Department about the creditor, debtor and employer, information far in excess of what is required to be filed with the judgment in the County Clerk’s office.”
*633 Since petitioner wants the names and addresses of the judgment debtors in order to send them some correspondence it is not possible to delete such identifying details (Public Officers Law, § 89, subd 2, par [a]) and this court concludes that on the present state of the record the information sought by petitioner amounts to an unwarranted invasion of personal privacy and that respondent acted properly in denying petitioner access to the requested records (see Messina v Lufthansa German Airlines, 83 AD2d 831).
The petition is in all respects denied and the cross motion of respondent to dismiss same is granted.