OPINION OF THE COURT
David B. Saxe, J.
I do not believe that a citizen who complains to or inquires of his government expects that his correspondence revealing among other things his identity and home address will come into the hands of private entrepreneurs who seek to solicit his business. The present state of the law, I hold, incorporates these expectations.
The essential facts are as follows: The petitioner is an attorney engaged in the private practice of law. From March, 1978 until March, 1981, he served as assistant counsel to the Division of Human Rights (DHR) of the State of New York. In that capacity, he developed an expertise in the field of employment discrimination law.
Upon entering private practice, the petitioner made a request under the New York Freedom of Information Law (FOIL; Public Officers Law, art 6) requesting DHR to grant him access to: “all complaints filed with the New York State Division of Human Rights between September 1, *401 1981 and July 1, 1982.” His request was granted except that he was advised that he would not be given the first name or address of each complainant. He was informed that section 89 (subd 2, par [b], cl iii) of FOIL furnishes an exception for the disclosure of “lists of names and addresses if such lists would be used for commercial or fund-raising purposes” to the extent that such lists may constitute “[a]n unwarranted invasion of personal privacy”. A CPLR article 78 action against the Commissioner of the Division of Human Rights followed.
The New York Freedom of Information Law (Public Officers Law, § 84 et seq.) was enacted to provide access to government records. All government records are presumptively subject to disclosure unless they fall within a statutory exemption (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176). The burden of establishing that the requested material is exempt falls on the party opposing the request. (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575.)
In order to preserve the confidentiality of certain classes of records, exceptions to access were made (see, generally,' Public Officers Law, § 87, subd 2). So, it was provided that an agency may deny access to records that, if disclosed, would constitute an “unwarranted invasion of personal privacy”. (Public Officers Law, § 87, subd 2, par [b].) An example of an “unwarranted invasion of personal privacy” would be the “sale or release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes”. (Public Officers Law, § 89, subd 2, par [b], cl iii.)
The DHR determined that the release of the complainants’ first names and addresses would create an invasion of personal privacy. Therefore, the agency determined that FOIL did not require their release. I agree.
There is simply no dispute that the petitioner sought the names and addresses of the complainants for the benefit of his new law practice. That clearly fits within the definition of “commercial * * * purposes”. Therefore, the information falls within the privacy exemption of FOIL and need not be released.
*402 The petitioner argues that his request is not merely commercial, but informational — that he seeks to inform a segment of the public of the availability of legal represen-, tation. The argument is disingenuous. The essential purpose of the FOIL request was to solicit potential clients for his law practice.
Furthermore, in considering the application of a similar privacy exemption contained in the Federal Freedom of Information Act (FOIA; US Code, tit 5, § 552 et seq.), the United States Supreme Court prescribed that a balancing test was to be utilized. (Department of Air Force v Rose, 425 US 352.) There, the Supreme Court ruled (pp 372, 373) that the balance sought must be between “ The protection of an individual’s right of privacy and the preservation of the public’s right to Government information’ ” or a balancing “of the private and public interests.” In this case, the balancing of interests mandates adherence to the decision of the DHR withholding the complainants’ first names and addresses.
The case of Wine Hobby USA v United States Internal Revenue Serv. (502 F2d 133), a case involving the balancing test under the Federal FOIA, supports the position of the respondent here.
In Wine Hobby (supra), the court upheld the refusal by the United States Bureau of Alcohol, Tobacco and Firearms to release the names and addresses of all persons who had registered with the bureau to produce wine in the mid-Atlantic region. The plaintiff, Wine Hobby, through mail order, sold and distributed winemaking equipment and supplies to amateur winemakers. Wine Hobby had stated that its purpose in seeking the names and addresses was “ To enable plaintiff to forward catalogues and other announcements to these persons regarding equipment and supplies that the plaintiff offers for sale’ ” (502 F2d, at p 134) — in other words, to solicit their business, just as petitioner here seeks to do.
The court found (p 135) that Wine Hobby’s request would result in a “ ‘clearly unwarranted invasion of personal privacy.’ ”
Similarly, here, if petitioner’s request were granted and the first names and addresses were released, the complain *403 ants, like the registrants in Wine Hobby, would be “subjected to unsolicited and possibly unwanted mail” from petitioner (502 F2d, at p 137). Moreover, like the situation in Wine Hobby, information concerning personal activities — the filing of a complaint of employment discrimination and the circumstances in which it arose — would be revealed. As the court in Wine Hobby wrote: “[T]he right of every person ‘to be let alone’ must be placed in the scales with the right of others to communicate.” (502 F2d, at p 137, n 16, quoting from Rowan v Post Office Dept., 397 US 728, 736 [Burger, Ch. J.].) Here, as in Wine Hobby, the release of the complainants’ first names and addresses will result in an invasion of those complainants’ personal privacy.
Additionally, the invasion of privacy in Wine Hobby was not outweighed by any public interest purpose in disclosure, as required by the balancing test set out in Department of Air Force v Rose (supra). The sole purpose for which Wine Hobby sought names and addresses was for “private commercial exploitation.” (502 F2d, at p 137.) That is also the purpose of the petitioner here.
Wine Hobby (supra) asserted no public interest in disclosure. Neither does the petitioner. He contends that the records requested here are “clearly of significant interest to the general public” because they reveal the “particulars of alleged employment discrimination charges filed in the State of New York.” That allegation is meaningless here since the DHR has already agreed to release the “particulars” of those complaints. The DHR has withheld from petitioner only the first names and addresses of the complaints, which are of absolutely no “significant interest to the general public”.
Based on the foregoing analysis, I hold that the release of the names and addresses would be a “clearly unwarranted invasion of personal privacy”, and, therefore, exempt from disclosure under FOIL.
The petition is dismissed.