■ In the Matter of JAMES PENNINGTON, Appellant, v JAMES W. McMAHON, as Superintendent of Wende Correctional Facility, et al., Respondents. [650 NYS2d 492] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 26, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents, denying his request for the release of certain documents pursuant to the Freedom of Information Law.

Petitioner, an inmate at Wende Correctional Facility in Erie County, sought disclosure of certain records relating to the investigation of his crime, which he believed were contained within the files of the State Police. After exhausting his administrative remedies, petitioner brought this proceeding to compel disclosure of two items that had not been furnished—an inventory of the items found in the homicide victim's car and a list of the papers contained in petitioner's file. Supreme Court dismissed the petition and this appeal followed.

Where, as here, counsel for the responding agency affirms

that a review of the pertinent records failed to disclose any documents of the types requested, the burden shifts to petitioner to come forward with factual proof that the items sought actually exist (*see, Matter of Calvin K. v De Francesco*, 200 AD2d 619, *lv denied* 83 NY2d 756; *Matter of Wood v Ellison*, 196 AD2d 933). Petitioner has not done this.

As Supreme Court observed, the trial testimony proffered by petitioner with respect to the vehicle inventory, when considered in its entirety, does not establish that such an inventory was performed or that a record of the items found was maintained, but merely that it was the usual procedure of the agency to inventory impounded vehicles. Given respondents' unrefuted proof that, ordinary practice notwithstanding, the actual inventory sought does not exist, there is no need to conduct a hearing on that issue (*compare, Matter of Johnson v New York City Police Dept.*, 220 AD2d 320, 320-321, *lv dismissed* 87 NY2d 943).

As for the list of documents, petitioner does not dispute respondents' assertion that they do not have such a list, but argues that Public Officers Law § 87 (3) (c) requires that it be compiled. This argument is unavailing, for although petitioner now suggests otherwise, it is clear from the terms of his initial demand, his subsequent request for reconsideration and his petition in this proceeding that what he actually seeks is a specific listing of the individual items in his file, not the categorical list of all records maintained by the agency that is contemplated by the cited statute (*see, Matter of Wattenmaker v New York State Employees' Retirement Sys.*, 95 AD2d 910, *lv denied* 60 NY2d 555).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.