[657 NYS2d 504]

In the Matter of EMPIRE REALTY CORPORATION, Respondent, v
NEW YORK STATE DIVISION OF THE LOTTERY et al., Appel-
lants.

Third Department, May 15, 1997

### APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* of counsel), for appellants.

*Corwin, Solomon & Tanenbaum, P. C.,* New York City *(Eric D. Cherches* of counsel), for respondent.

### OPINION OF THE COURT

PETERS, J.

Petitioner, a commercial entity which purchases lottery prize winnings in exchange for a negotiated lump-sum payment, submitted a request under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) to respondent New York State Division of the Lottery (hereinafter the Division) for a list of all names and cities of residence of New York State lottery jackpot winners of prizes in excess of $500,000 from 1985 to the present[1] Petitioner's request was initially denied by the Division pursuant to Public Officers Law § 89 (2) (b) as an unwarranted invasion of personal privacy.

Relying upon the Division's own regulation entitled "Publicity release", which states, in pertinent part, that "[e]ach prize winner grants to the director the right to use his name, [and] city of residence * * * in order to publicize his winnings [and that] [t]he name and city of residence * * * shall be regarded as public information" (21 NYCRR 2803.12), petitioner contended that the denial was irrational. Administrative appeal also proved unsuccessful since the request was again deemed to be an unwarranted invasion of personal privacy because the information "would be used for commercial or fund-raising purposes" (Public Officers Law § 89 [2] [b] [iii]) and would therefore result in personal hardship (*see,* Public Offi-

---

1. The original request sought the names and *addresses* of the same group. It was denied both initially and on administrative appeal pursuant to Public Officers Law § 87 (2) (b). During the course of the CPLR article 78 proceeding seeking a review of that determination, petitioner modified its request. Supreme Court upheld the original denial yet refused to rule on petitioner's modified request due to the failure to exhaust administrative remedies.

cers Law § 89 [2] [b] [iv]). Upon review pursuant to CPLR article 78, Supreme Court, relying upon the Division's own regulation, found that respondents failed to sustain their burden to show that the information sought was exempt from FOIL and therefore required production of the names and cities of residence of all of the winners falling into the designated prize category. This appeal ensued.

We have repeatedly recognized and declared through FOIL that our State's commitment to the policy of "open government and public accountability" (*Matter of Capital Newspapers Div. v Burns*, 67 NY2d 562, 565) mandates all agencies to make records available to the public unless they fall into one of the designated statutorily defined exemptions which allow, but do not require, them to withhold certain information (*see*, *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N. Y.*, 87 NY2d 410; *Matter of Capital Newspapers Div. v Burns, supra*). To do so, the agency must bear the burden of demonstrating that the requested material falls squarely within the statutory exemption, which, in deference to disclosure, is narrowly construed (*see, supra*; *Matter of Fink v Lefkowitz*, 47 NY2d 567).

Pursuant to Public Officers Law § 87 (2) (b), the Division has the authority to deny access to their records if the request seeks the "release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes" (Public Officers Law § 89 [2] [b] [iii]). This is, as reasoned by the Court of Appeals: "precisely *because* no governmental purpose is served by public disclosure of certain personal information about private citizens * * *. [T]he rights of individuals to be free from unwanted commercial contacts * * * specifically recognized by the Legislature * * * can be given precedence without undercutting FOIL's purpose. In deciding what the Legislature intended * * * it is not for us * * * to weigh the degree of annoyance or intrusion which would result" (*Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92, 97 [emphasis in original]). While it is uncontested that the lists here sought will be used for commercial purposes, it is also uncontested that petitioner does not seek the names and *addresses* of these winners as potentially precluded by statute, only the names and *cities of residence*—information which the Division regularly releases at the time that a prize winner is announced and which is defined as "public information" in its own regulation (21 NYCRR 2803.12). Finding no showing that the requested mate-

rial falls squarely within the statutory exemption (*see, Capital Newspapers Div. v Burns, supra*), we must next determine whether the release of such information would be violative of the general standards of the Personal Privacy Protection Law (Public Officers Law § 91 *et seq.*).

"What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable [person] of ordinary sensibilities * * *. This determination requires balancing the competing interests of public access and individual privacy" (*Matter of Dobranski v Houper*, 154 AD2d 736, 737 [citation omitted]; *see, Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police*, 218 AD2d 494). In our view, the expectation of privacy for those who participate in a lottery is tempered by an acknowledgement on the back of their ticket that they agree to be subject to the lottery's rules and regulations. In accordance with its regulation, each prize winner "grants to the director the right to use his name, [and] city of residence * * * in order to publicize his winnings" (21 NYCRR 2803.12). It further details that such information "shall be regarded as public information" (*ibid.*), thereafter assuring such winners that it acknowledges a limitation on the release of more specific personal information.[2]

Assessing the need for public access, we acknowledge that the information released by the Division furthers the policies underlying FOIL to ensure government accountability by identifying the disbursement of public funds (*see*, Public Officers Law § 89 [2] [b] [iv]). But, while winners acknowledge that they agree to be subjected to an invasion of personal privacy by the Division's disclosure of certain personal information which could result in economic or personal hardship, this disclosure does not necessarily abrogate the rights conferred by statute. On balance, we find no basis for the Division's interpretation that notwithstanding a publicly disseminated press release containing precisely the information requested, its regulation was intended to permit disclosure only at the time of a declared winner, with any further disclosure of information deemed "public" by its regulation (*see*, 21 NYCRR 2803.12) as an unwarranted invasion of privacy (*see also*, FOIL-AO-9102 [Oct. 17, 1995]; FOIL-AO-9143 [Nov. 6, 1995]).

---

2. The regulation states as follows: "[I]t shall be the policy of the division not to release the street address or telephone number of prize winners, except as may be required pursuant to lawful authority or urgent necessity" (21 NYCRR 2803.12).

Neither do we conclude, as did Supreme Court, that the Division's regulations confer blanket authorization to release the name and city of residence of any lottery winner whether or not it has been previously disclosed to the public. Rather, we conclude that an appropriate balance is achieved by limiting the disclosure to include only the names and cities of residence of those lottery winners who were already the subject of a publicly disseminated press release (*see, e.g., Matter of Gannett Co. v City Clerk's Off.*, 197 AD2d 919; *Matter of Thompson v Weinstein*, 150 AD2d 782; *Matter of Kwitny v McGuire*, 102 Misc 2d 124, *affd* 77 AD2d 839, *affd* 53 NY2d 968), even when such information is sought for commercial purposes (*see*, FOIL-AO-9102 [Oct. 17, 1995]).[3]

Accordingly, we modify Supreme Court's judgment by reversing so much thereof as determined that all lists of lottery jackpot winners be released. The petition should be granted to the extent that such lists are subject to release only if previously released by the Division and in the form of such release only.

MIKOLL, J. P., MERCURE, CREW III and WHITE, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the petition with regard to the lists of lottery jackpot winners which were not previously released by respondent New York State Division of the Lottery; petition denied to that extent; and, as so modified, affirmed.

---

3. Such disclosure is limited to only that information which was contained in the original press release, not changes of name or cities of residence where winners have changed their marital status or have moved since the original issuance (*see*, FOIL-AO-9143 [Nov. 6, 1995]).