■ In the Matter of CORWIN SOLOMON & TANENBAUM, Respondent, v NEW YORK STATE DIVISION OF THE LOTTERY et al., Appellants. [657 NYS2d 803] —Peters, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered March 29, 1996 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying its request for the production of certain documents pursuant to the Freedom of Information Law.

In the companion case of *Matter of Empire Realty Corp. v New York State Div. of Lottery* (230 AD2d 270 [decided herewith]), petitioner herein, on behalf of one of its commercial clients, sought access pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) to the records of respondent New York State Division of the Lottery (hereinafter the Division) for a list of all names and cities of residence of New York State Lottery Jackpot winners of prizes in excess of $500,000 from 1985 to the present. Here, petitioner, on its own behalf, seeks access to copies of news releases previously issued by the Division from its "creation to the present relating to lottery winners". In both cases, the Division refused to provide access to such records, claiming that the release would result in an unwarranted invasion of personal privacy (*see*, Public Officers Law § 89 [2] [b]).[1]

Petitioner unsuccessfully pursued administrative review.[2] This CPLR article 78 proceeding was thereafter commenced,

1. Petitioner in the instant case contends that it does not intend to solicit lottery winners since it represents several firms that are in that business. However, in the absence of a stated reason for seeking the information, we find it reasonable for the Division to infer that petitioner sought such information for commercial solicitation. However, we do not find this issue determinative.

2. After filing the administrative appeal, petitioner had not received a response. After inquiring into the status of the appeal, petitioner contends that

primarily challenging the Division's refusal to disclose the previously disseminated press releases. Although a motion for consolidation of this matter with *Empire Realty (supra)* was sought, petitioner opposed consolidation, resulting in Supreme Court's denial.

Relying upon the decision rendered by Supreme Court in *Empire Realty (supra)*, Supreme Court ordered disclosure in this proceeding since the Division had previously released the information sought and its own regulation characterized the requested information as "public" (21 NYCRR 2803.12). Respondents now appeal.

For all of the reasons enunciated in *Empire Realty (supra)*, we uphold the disclosure of those press releases previously issued by the Division in the form in which they were publicly disseminated, without regard to the use for which such information is sought (*see,* FOIL-AO-9143 [Nov. 6, 1995]).

Accordingly, the judgment of Supreme Court is affirmed in its entirety.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, with costs.

it was advised that no decision was expected promptly and that the Division had decided to deny all requests until required to disclose by court order. Ultimately, petitioner received a letter denying the request for the reasons stated in the denial letter issued to Empire Realty pursuant to its FOIL request.