■ In the Matter of EMPIRE REALTY CORPORATION, Appellant, v NEW YORK STATE DIVISION OF THE LOTTERY et al., Respondents. [660 NYS2d 73] —Peters, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered April 29, 1996 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for certain documents under the Freedom of Information Law.

Petitioner, a commercial entity, sought access under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) to certain documents from respondent State Division of the Lottery (hereinafter respondent). Specifically, petitioner requested a list of the names and cities of residence of all State Lottery Jackpot or Lotto prize winners who had assigned their right, title and/or interest in prize winnings, copies of all signed judicial orders which were submitted to respondent relating to the assignment of lottery prize winnings,

a list of the names and addresses of all persons and entities who submitted judicial orders to respondent relating to the assignment of lottery prize winnings, and a list of the names and cities of residence of all persons and entities who submitted judicial orders to respondent relating to the assignment of lottery prize winnings. Petitioner was denied access to these records on the ground that disclosure would constitute "an unwarranted invasion of personal privacy" (Public Officers Law § 89 [2]). The denial was sustained upon administrative appeal.

Petitioner thereafter commenced this CPLR article 78 proceeding seeking, *inter alia,* to compel respondents to furnish the requested records. Prior to the expiration of respondents' time to answer, respondents moved to stay the proceeding pending the resolution of an appeal in a similar proceeding (*see, Matter of Empire Realty Corp. v New York State Div. of Lottery,* 230 AD2d 270; *Matter of Corwin Solomon & Tanenbaum v New York State Div. of Lottery,* 239 AD2d 763) and sought leave to serve an answer should the motion be denied. Supreme Court denied respondents' motion to stay the proceeding and dismissed the petition, holding that resort to a FOIL request was unnecessary because the information sought could be obtained from the Clerk of the county in which the judicial orders authorizing assignment of lottery winnings were entered (*see,* Tax Law § 1613 [a]). Petitioner now appeals.

Procedurally, we find that Supreme Court erred in addressing the merits of petitioner's claim and dismissing the petition before respondents had the opportunity to serve an answer (*see,* CPLR 7804 [d]; *Matter of Ten Mile Riv. Holding v Jorling,* 150 AD2d 927, 928). The judgment dismissing the petition should therefore be reversed and respondents permitted to serve an answer to the petition.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and respondents are permitted to serve an answer to the petition within 20 days of the date of this Court's decision.