■ In the Matter of SIEGEL, FENCHEL & PEDDY, P. C., Respondent, v CENTRAL PINE BARRENS JOINT PLANNING & POLICY COMMISSION et al., Appellants. [676 NYS2d 191] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, dated November 28, 1995, which denied the petitioner's request under the Freedom of Information Law (Public Officers Law art 6) for the inventory of all privately-owned real property within the Central Pine Barrens Area, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered June 16, 1997, which granted the petition to the extent of directing the appellants to make available to the petitioner an "inventory of real property parcels lying within the Central Pine Barrens Area * * * subject to the [appellants'] option to redact only the names and addresses of the owners of such real property".

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner herein, a law firm specializing in the areas of tax certiorari and condemnation, sought access pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) to the inventory of all privately-owned real property within the Central Pine Barrens Area. This inventory, which consisted of the tax map numbers of each parcel in the Central Pine Barrens Area and the names and addresses of the corresponding property owners, was prepared by the appellant Central Pine Barrens Joint Planning & Policy Commis-

sion (hereinafter the Commission). The Commission refused the petitioner access to the inventory, claiming that the information in the inventory would be used for "commercial * * * purposes" (Public Officers Law § 89 [2] [b] [iii]) and would constitute an "unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]), a category specifically exempt from disclosure under FOIL (*see,* Public Officers Law § 89 [2] [a], [c] ■). The Commission also obtained an advisory opinion to the same effect from the Committee on Open Government (hereinafter the Committee), which is the administrative agency charged with oversight of FOIL (*see,* Public Officers Law § 89 [1] [b]; [2] [a]; [2] [b] [iii]).

The petitioner then commenced the instant CPLR article 78 proceeding challenging the Commission's refusal to disclose the inventory to it.

The Supreme Court initially denied the petition and dismissed the proceeding, but thereafter granted reargument and, upon reargument, granted the petition to the extent of directing the Commission "to provide to Petitioner the inventory of real property parcels lying within the Central Pine Barrens Area * * * subject to [the appellants'] option to redact only the names and addresses of the owners of such real property parcels listed thereon".

Under FOIL, all records of governmental agencies are presumptively available for public inspection and copying, without regard to the status, need, good faith, or purpose of the applicant requesting access (*see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 79-80). In order to insure the maximum public access to government records, full disclosure is required unless the agency can demonstrate that the records fall within one of eight categories of exemptions. As one of the eight categories of exemptions, FOIL exempts from disclosure records that "if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article" (Public Officers Law § 87 [2] [b]). The Public Officers Law precludes, *inter alia,* as an "unwarranted invasion * * * of personal privacy" (Public Officers Law § 89 [2] [a]), the "release of lists of names and addresses if such lists would be used for commercial * * * purposes" (Public Officers Law § 89 ■ [b] [iii]). It permits, however, disclosure of the records involved when "identifying details are deleted" (Public Officers Law § 89 [2] [c] [i]).

Given the nature of the petitioner's law practice and the information it sought, as well as the petitioner's refusal to certify

to the Commission that it would not use the inventory for commercial purposes, it was reasonable for the Commission and the Committee to infer that the petitioner was seeking the inventory for commercial purposes (*see, Matter of Corwin Solomon & Tanenbaum v New York State Div. of Lottery,* 239 AD2d 763, n 1; *see, Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse,* 65 NY2d 294; *Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept.,* 73 NY2d 92; *Matter of Goodstein v Shaw,* 119 Misc 2d 400; *Matter of Nicholas,* 117 Misc 2d 630). Under these circumstances, the deletion from the inventory of the names and addresses of the property owners would ordinarily be a proper and sufficient remedy (*see, Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, supra; Matter of Federation of N. Y. State Rifle & Pistol Clubs v New York City Police Dept., supra*). However, the Commission met its burden of establishing that release of the inventory's tax map numbers would still allow the petitioner to identify the names and addresses of the property owners listed thereon (*see, Matter of New York Times Co. v New York State Dept. of Health,* 173 Misc 2d 310; *cf., Matter of Legal Aid Socy. v New York State Dept. of Social Servs.,* 195 AD2d 150). Accordingly, the Commission's determination denying the petitioner's request for the inventory in its entirety correctly balanced the competing interests of public access and individual privacy. Miller, J. P., Thompson, Joy and Florio, JJ., concur.