FIRST DEPARTMENT, MARCH, 1999

(March 2, 1999)

■ In the Matter of GEORGE O'DONNELL, Appellant, v DANIEL DONADIO et al., Respondents. [688 NYS2d 117] —Orders, Supreme Court, New York County (Colleen McMahon, J.), entered November 18, 1997 and December 29, 1997, which, in a proceeding under the Freedom of Information Law (FOIL) to compel respondents' production of certain records relating to a dog formerly assigned to the Canine Unit of the New York City Transit Police Department, insofar as appealed from, held that respondents timely responded to petitioner's requests for records, and, after an in camera inspection, denied the application upon a finding that the records produced by respondents after commencement of the proceeding were properly redacted, unanimously modified, on the law, to vacate that part of the order that found redaction of certain information was permissible to protect personal privacy, and the matter remanded for further consideration in accordance with this memorandum, and otherwise affirmed, without costs.

In this CPLR article 78 proceeding, petitioner seeks certain records relating to a trained police dog formerly assigned to the Canine Unit of the New York City Transit Police Department. While petitioner has declined to disclose the reason for his request, as he is entitled to do (*Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75), he intimates that he is investigating whether the dog, after being fully trained at Department expense, was improperly conveyed from the Transit Police Department to his trainer, then a member of the force, without compensation to Transit, and states that the dog was subsequently employed by the Port Authority.

While it appears that 43 RCNY 1-05 (d), which provides that the approximate date of an agency's FOIL determination shall

251

not exceed 10 business days from the date of the agency's acknowledgment of receipt of the request, may be in conflict with Public Officers Law § 89 (3), which provides that within five business days of the receipt of a request, an agency must either make the requested records available, deny the request or acknowledge receipt of the request with a statement indicating the approximate date when a determination will be made (*cf., Lecker v New York City Bd. of Educ.*, 157 AD2d 486, *appeal dismissed* 75 NY2d 946), respondents, who acknowledged petitioner's request with the advice that a determination would be reached in approximately 120 days, did not rely on the local rule, and it is unclear why petitioner believes himself injured by that rule and seeks its nullification. Accordingly, we find that petitioner lacks standing to contest the validity of the rule or its possible conflict with Public Officers Law § 89 (3) (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773).

We also find that respondents properly redacted the documents they provided to petitioner so as to delete canine training categories, since such would reveal nonroutine criminal investigative techniques and procedures (Public Officers Law § 87 [2] [e] [iv]; *see, Matter of Fink v Lefkowitz*, 47 NY2d 567).

However, we find that Supreme Court erred in determining that respondents did not have the burden of establishing that redaction of names of individuals was necessary to protect their personal privacy pursuant to Public Officers Law § 87 (2) (b) and § 89 (2) (*see, Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294, 297). We therefore remand the matter for a determination as to whether respondents have met that burden.

Reargument granted, and upon reargument, the unpublished decision and order of this Court entered on June 11, 1998 (Appeal Nos. 1512-1512A) is recalled and vacated and a new decision and order substituted therefor. Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.