■ In the Matter of COMPS, INC., Appellant, v TOWN OF HUNTINGTON et al., Respondents. [703 NYS2d 225] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated March 26, 1997, which denied, without a hearing, the petitioner's request under the Freedom of Information Law (Public Officers Law art 6) for the inventory data for all parcels contained on the assessment roll of the Town of Huntington, the appeal is from a judgment of the Supreme Court, Suffolk County (Kitson, J.), dated October 28, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that the requested inventory data constituted a record within the meaning of the

Freedom of Information Law (hereinafter FOIL) (*see,* Public Officers Law § 86 [4]; *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.,* 87 NY2d 410, 416; *Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690, 698-699).

The Supreme Court also properly determined that the privacy exemption under FOIL was applicable because the petitioner intended to use the information for commercial purposes (*see,* Public Officers Law § 89 [2] [b] [iii]). The redaction of names and addresses from the inventory data would not protect privacy interests as the tax map numbers contained in that data would, nonetheless, enable the petitioner to identify the names and addresses of property owners through a comparison of the tax map numbers to the assessment roll (*see, Matter of Siegel, Fenchel & Peddy v Central Pine Barrens Joint Planning & Policy Commn.,* 251 AD2d 670). Because the respondents have not utilized the inventory data for the purposes of any assessment or reassessment, they are not under any statutory duty to publish the inventory data at this time (*see, e.g.,* RPTL 500 [1]; 501, 502; General Municipal Law § 51; *see also, Matter of Empire Realty Corp. v New York State Div. of Lottery,* 230 AD2d 270, 273). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.