■ In the Matter of THE NEW YORK TIMES COMPANY et al., Respondents-Appellants, v CITY OF NEW YORK FIRE DEPART-

MENT, Appellant-Respondent. CATHERINE T. REGENHARD et al., Proposed Intervenors-Petitioners-Respondents-Appellants. [770 NYS2d 324]—

Judgment, Supreme Court, New York County (Richard Braun, J.), entered February 13, 2003, which, in a CPLR article 78 proceeding brought by a newspaper and a journalist against the New York City Fire Department challenging respondent Fire Department's denial of petitioners' Freedom of Information Law (FOIL) request for transcripts of interviews that respondent conducted of its employees (oral histories) concerning their activities at the World Trade Center on September 11, 2001 (9/11), and for audio tapes and transcripts of 911 calls and internal radio dispatch calls made on 9/11, (1) denied the motion of nine family members of persons who died on 9/11 for leave to intervene as petitioners (Family Members), and (2) directed disclosure of the oral histories albeit redacted to delete the employees' personal expressions of feelings, opinions and recommendations, and (3) directed disclosure of the internal radio dispatch tapes and transcripts albeit redacted to delete the opinions and recommendations of respondent's employees, and (4) directed disclosure of the 911 tapes and transcripts albeit redacted to delete the words of 911 callers other than those related to the Family Members, unanimously modified, on the law, to grant the motion to intervene, and to direct disclosure of respondent's employees' personal expressions of feeling contained in the oral histories, and otherwise affirmed, without costs.

The motion to intervene should not have been denied simply because the Family Members did not file FOIL requests and therefore are not "person[s] denied access to a record in an appeal determination" under Public Officers Law § 89 (4) (b). Certainly, the Family Members are interested persons under

CPLR 7802 (d) to the extent respondent denied disclosure on the basis of the privacy rights of close family relatives of 9/11 victims. Moreover, although the IAS court purported merely to grant the Family Members permission to appear as amici curiae, it effectively accorded them party status by granting them substantive relief in the form of enforcing their desire to waive any right of privacy that respondent was asserting on their behalf. We also note that petitioners support intervention, and that respondent's briefs on appeal do not address the issue.

The IAS court correctly held that the material respondent provided to the federal government as relevant to its criminal investigation and prosecution of Zacarias Moussaoui should be disclosed, even if it constituted records "compiled for law enforcement purposes" under Public Officers Law § 87 (2) (e) (*see John Doe Agency v John Doe Corp.*, 493 US 146 [1989]), since respondent did not meet its burden of showing that such disclosure would in fact interfere with the Moussaoui prosecution or deny him a fair trial. However, substantial portions of those documents should be redacted as falling within FOIL's exception for intra-agency materials (Public Officers Law § 87 [2] [g]), namely, the portions of the oral histories containing the opinions and recommendations of those interviewed, and the portions of the radio dispatch tapes containing the opinions and recommendations of the dispatchers and other of respondent's personnel. Such opinions and recommendations are to be distinguished from factual material, which respondent concedes must be disclosed.

Not falling within the intra-agency exception are the personal expressions of feelings contained in the oral histories, and we accordingly modify to direct disclosure of such expressions. That such expressions do not fit within any of the four exceptions to the intra-agency exemption does not by itself establish that such expressions are intra-agency material. Nor do such expressions, or the words of respondent's personnel in the 911 tapes, fall within FOIL's personal privacy exemption (Public Officers Law § 87 [2] [b]; § 89 [2] [b] [iv]). However, concerning the tapes, the IAS court correctly held that the personal privacy exemption does apply to the words of the callers. Disclosure of the highly personal expressions of persons who were facing imminent death, expressing fear and panic, would be hurtful to a reasonable person of ordinary sensibilities who is a survivor of someone who made a 911 call before dying (*see Matter of Empire Realty Corp. v New York State Div. of Lottery*, 230 AD2d 270, 273 [1997]). The anguish of these relatives, as well as the callers who survived the attack, outweighs the public interest in

disclosure of these words, which would shed little light on public issues. Concur—Nardelli, J.P., Sullivan, Rosenberger, Lerner and Gonzalez, JJ.