■ In the Matter of ERNIE SIMPSON, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [773 NYS2d 881]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Renee Guy, an Associate Dean of the respondent Westchester Community College, dated July 26,

2000, terminating the petitioner's employment, the petitioner appeals (1) from a judgment of the Supreme Court, Westchester County (Molea, J.), entered November 15, 2002, (2), as limited by his brief, from so much of an order of the same court entered February 10, 2003, as denied his motion to impose a sanction upon the respondents, and (3) an amended judgment of the same court entered February 10, 2003, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the judgment entered November 15, 2002, is dismissed, as the judgment was superseded by the amended judgment entered February 10, 2003; and it is further,

Ordered that the appeal from the order entered February 10, 2003, is dismissed, as the order is not appealable as of right (*see* CPLR 5701 [b] [1]), and we decline to grant leave because the order was superseded by the amended judgment and will be reviewed on the appeal therefrom (*see Matter of Aho*, 39 NY2d 241, 248 [1976]).

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Once a controversy is heard and a decision has been made by either an arbitrator, a commissioner, or a judge, "that is the end of the matter" (*Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v Associated Teachers of Huntington,* 30 NY2d 122, 132 [1972]; *see Matter of Board of Educ., Commack Union Free School Dist. v Ambach,* 70 NY2d 501, 508 [1987], *cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist.,* 485 US 1034[1988]; *Dye v New York City Tr. Auth.,* 88 AD2d 899 [1982], *affd* 57 NY2d 917 [1982]; *Matter of Kavoukian v Bethlehem Cent. School Dist.,* 63 AD2d 767, 768-769 [1978]). Here, because the issue presented by the petitioner in this proceeding pursuant to CPLR article 78 is substantively the same as that previously determined against him in an arbitration proceeding, the proceeding must be dismissed.

Furthermore, the doctrine of res judicata applies to arbitration awards, including those rendered pursuant to a collective bargaining agreement which, as here, specifies that all parties will be bound by the award with the same force and effect as applies to judgments of the courts (*see Matter of Ranni [Ross],* 58 NY2d 715, 717 [1982]; *McNally Intl. Corp. v New York Infirmary-Beekman Downtown Hosp.,* 145 AD2d 417 [1988]; *Dye v New York City Tr. Auth., supra*). New York courts apply the transactional analysis approach to res judicata issues (*see*

*O'Brien v City of Syracuse,* 54 NY2d 353, 357-358 [1981]; *cf. Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 347-348 [1999]). Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking different remedies (*see O'Brien v City of Syracuse, supra*). In this case, the previous arbitration proceeding bars this proceeding because it is premised on the same series of transactions passed upon by the arbitrator.

The petitioner's remaining contentions are without merit. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.