■ In the Matter of PROPERTY TAX REDUCTION CONSULTANTS, INC., Appellant, v TOWNSHIP OF ISLIP, Respondent. [799 NYS2d 576]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated April 19, 2004, which denied, without a hearing, the petitioner's request under the Freedom of Information Law (Public Officers Law art 6) for "all property inventory records" disclosing "square footage, bathroom count and miscellaneous data thereon," the petitioner appeals (1), by permission, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated November 29, 2004, as denied the petition, and (2) from a judgment of the same court entered January 13, 2005, which, upon the order, is in favor of the respondent and against it dismissing the proceeding.

Ordered that the appeal from the order dated November 29, 2004, is dismissed, as the order was superseded by the judgment and will be reviewed on the appeal therefrom (see *Matter of Simpson v County of Westchester*, 5 AD3d 780 [2004]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The petitioner, Property Tax Reduction Consultants, Inc. (hereinafter PTRC), describes itself as being "engage[d] in the business of property tax consultation and offers service [sic] to residential homeowners—who may qualify for tax reductions—by representing such property owners in Small Claims Assessment Review proceedings." Pursuant to the Freedom of Information Law (Public Officers Law art 6, hereinafter FOIL), PTRC submitted a form entitled "Application for Public Access to Records" to the Town of Islip, seeking "[a]ll property inventory records. Specifically, the property square footage, bathroom count and miscellaneous data thereon." The Town denied the request, concluding that the release of the information would be an unwarranted invasion of personal privacy. The Supreme Court upheld this determination and PTRC appeals. We affirm.

Contrary to PTRC's contentions, the Supreme Court correctly found that it sought access to the requested information for commercial purposes. The record supports no other inference (see *Matter of Siegel, Fenchel & Peddy v Central Pine Barrens Joint Planning & Policy Commn.*, 251 AD2d 670, 671-672 [1998]). Accordingly, disclosure of the requested information was precluded by the privacy exemption under FOIL (see Public Officers Law § 89 [2] [b] [iii]; *Matter of Comps, Inc., v Town of Huntington*, 269 AD2d 446 [2000]).

In light of our determination, we do not reach the parties' remaining contentions. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.