In the Matter of APPLICATION OF COMPS, INC., Appellant, v TOWN OF ISLIP et al., Respondents. [822 NYS2d 768]—

In a proceeding pursuant to CPLR article 78 to review a determination dated January 5, 2004, denying, without a hearing, the petitioner's request under the Freedom of Information Law (Public Officers Law art 6) for the inventory data for all parcels contained on the assessment roll of the Town of Islip, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered January 11, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Pursuant to the Freedom of Information Law (Public Officers

Law art 6; hereinafter FOIL), the petitioner made a request to the respondent Town of Islip seeking "a copy of the most current property assessment tax rolls with inventory on computer tape for [the Town]." The Town made the tax assessment rolls available, but denied the request for the inventory data, concluding that the release of that information would constitute an unwarranted invasion of personal privacy. The Supreme Court upheld the determination denying the request and the petitioner appeals. We affirm.

There is no merit to the petitioner's position that Real Property Tax Law § 501 mandates production of inventory data under FOIL. The legislative history reveals that the law was intended to "give notice to taxpayers that the records are available for inspection" at a specified time to allow for the "correction of [potential] errors prior to the completion of the assessment roll" (Mem of State Bd of Equalization & Assessment, 1981 McKinney's Session Laws of NY, at 2519). As a result, the Supreme Court correctly found that the Town's determination properly balanced the interests of public access and individual privacy (*see Matter of Siegel, Fenchel & Peddy v Central Pine Barrens Joint Planning & Policy Commn.*, 251 AD2d 670, 671-672 [1998]). Accordingly, disclosure of the requested information was precluded by the privacy exemption under FOIL (*see* Public Officers Law § 89 [2] [b] [iii]; *Matter of Property Tax Reduction Consultants, Inc. v Township of Islip*, 21 AD3d 376 [2005]). Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.