■ In the Matter of DATA TREE, LLC, Appellant, v EDWARD P. ROMAINE, Respondent. [828 NYS2d 512]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered June 13, 2005, which denied its request for the production of documents.

Ordered that the judgment is affirmed, with costs.

Under the Freedom of Information Law (Public Officers Law art 6, hereinafter FOIL), all records of governmental agencies are presumptively available for public inspection and copying without regard to the status, need, good faith, or purpose of the applicant requesting access (*see Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294 [1985]). Furthermore, "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]).

The burden is upon the agency to establish initially that the request cannot be honored because it falls within any of the possible exemptions to FOIL (*see Matter of O'Donnell v Donadio*, 259 AD2d 251 [1999]). Where the agency demonstrates in a plausible fashion that denial of access is pursuant to a recognized exemption, the burden shifts to the applicant to establish that the claim of an exemption was erroneous or that the agency acted in an arbitrary and capricious manner in attempting to invoke an exemption (*see Matter of Pennington v McMahon*, 234 AD2d 624 [1996]).

In the instant case, the Suffolk County Clerk (hereinafter the Clerk) established initially that an exemption to FOIL pursuant to Public Officers Law § 87 (2) (b), applied, to wit, that disclosure of the documents sought would entail an unwarranted invasion of personal privacy. Thus, the burden shifted to the petitioner.

The petitioner failed to meet its burden in this case. Given the prolix nature of the petitioner's request, it is clear that the petitioner does not seek specific documents maintained by the Clerk but, rather, wishes to obtain the raw data utilized in compiling the public documents in question, admittedly for commercial purposes. To the extent that the request was viewed by the Clerk as data mining, the Clerk determined that such request was clearly within the ambit of the enumerated exemp-

tions to FOIL. In view of the rapid advances in technology, the misuse of that data for purposes unfathomable only a few short years ago is now possible. Whether or not such raw data (as opposed to the records actually maintained) should be available, and what constraints, if any, should be placed on that access, is a public policy better addressed by the appropriate legislative bodies.

To the extent that the petitioner's request falls within the broad parameters of a "record" as defined by Public Officers Law § 86 (4), the right to access and copy such public records has not yet been construed to require extraordinary efforts by the agency to provide the records in any manner requested and without regard to other statutorily mandated obligations to take prudent efforts to protect the guaranteed privacy interests of the citizens of the state (*see Matter of Property Tax Reduction Consultants, Inc. v Township of Islip,* 21 AD3d 376 [2005]; *Matter of Comps, Inc. v Town of Huntington,* 269 AD2d 446 [2000]; *Matter of Gabriels v Curiale,* 216 AD2d 850 [1995]; *Matter of Reubens v Murray,* 194 AD2d 492 [1993]). In the instant case, the Clerk determined that compliance with the subject request as to the requested electronic data was not possible without extraordinary efforts on its part which would be needed to protect the privacy interests of its citizens. Evolving concerns for protecting privacy even beyond that contemplated by the exemptions enumerated in Public Officers Law § 87 (2) can be a basis for denial of the requested items (*see e.g. Matter of New York Times Co. v City of N.Y. Fire Dept.,* 4 NY3d 477 [2005]). The refusal of the Clerk in this case was justified both as to the burden imposed and the legitimate desire to protect the privacy of the citizens of Suffolk County (*see Matter of Coalition of Landlords, Homeowners & Merchants, Inc. v Town of Brookhaven,* 33 AD3d 914 [2006]). Under the unique circumstances of this case, the petitioner failed to establish that the Clerk's denial of its request was erroneous or arbitrary or capricious, or that a hearing was warranted with respect to the requests at issue (*see* CPLR 7803 [3]; *Matter of Robert v LoCicero,* 28 AD3d 566 [2006]; *Matter of Pennington v McMahon, supra*).

The petitioner's remaining contentions are without merit. Miller, J.P., Rivera, Ritter and Lifson, JJ., concur.