■ In the Matter of SCOTT LOCKWOOD, Appellant-Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT, Respondent-Appellant. [839 NYS2d 808]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law article 6), the petitioner appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Werner, J.), dated May 10, 2006, which, inter alia, in effect, denied that branch of his

petition which was to compel the Suffolk County Police Department to provide him with a copy of the operating manual of the Intoxilyzer Model 5000 alcohol detection machine upon the payment of the appropriate copying fee and dismissed that claim, and the Suffolk County Police Department cross-appeals, as limited by its brief, from so much of the same judgment as granted the petition to the extent of directing it to make the operating manual of the Intoxilyzer Model 5000 alcohol detection machine available for inspection but not for copying by the petitioner.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in directing that the "Operating Manual" of the Intoxilyzer Model 5000 alcohol detection machine, manufactured by CMI, Inc., be made available for inspection, but not copying, at the offices of the Suffolk County Police Department at a time mutually convenient to the parties. Under the circumstances of this case, the Supreme Court properly balanced the competing rights of the petitioner under the Freedom of Information Law (Public Officers Law art 6) and the obligations of the Suffolk County Police Department to CMI, Inc., the nonparty copyright holder of the manual (*see County of Suffolk, N.Y. v First Am. Real Estate Solutions*, 261 F3d 179, 195 [2001]; *Weisberg v U.S. Dept. of Justice*, 631 F2d 824, 830 [1980]; *see also Matter of Fink v Lefkowitz*, 47 NY2d 567, 572 n [1979]; *Matter of Data Tree, LLC v Romaine*, 36 AD3d 804 [2007]). Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.