■ In the Matter of PERRY BELLAMY, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. [913 NYS2d 225]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered July 31, 2009, to the extent appealed from as limited by the briefs, granting the petition brought pursuant to the Freedom of Information Law (FOIL) to compel respondent to disclose police reports containing the names and statements of witnesses who did not testify at petitioner's trial, and order, same court and Justice, entered November 18, 2009, which, inter alia, denied respondent's motion to renew, unanimously affirmed, without costs.

Respondent failed to meet its burden of establishing that the documents at issue fall within an exemption from disclosure as provided in Public Officers Law § 87 (2) (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]; *Matter of O'Donnell v Donadio*, 259 AD2d 251, 252 [1999], *lv dismissed* 93 NY2d 1032 [1999]). Respondent did not allege that any of the nontestifying witnesses were promised anonymity in exchange for their cooperation in the investigation and therefore qualify for protection as "confidential source[s]" (Public Officers Law § 87 [2] [e] [iii]; *see Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d 515, 517 [1989], *lv denied* 75 NY2d 707 [1990]). Nor did respondent provide factual support for its contention that a promise of confidentiality can be inferred from the cir-

cumstances in which the nontestifying witnesses gave their statements (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996] ["blanket exemptions for particular types of documents are inimical to FOIL's policy of open government"]; *Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 346 [1999], *lv dismissed* 94 NY2d 791 [1999] ["it is necessary that the agency set forth a particularized and specific justification for denying access" (internal quotation marks and citation omitted)]).

Respondent also failed to support its contention that disclosure of document 14 "would give rise to a substantial likelihood that violators could evade detection by deliberately tailoring their conduct" (*see Matter of Spencer v New York State Police*, 187 AD2d 919, 921 [1992] [internal quotation marks and citation omitted]; Public Officers Law § 87 [2] [e] [iv]). Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.